UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                      :
LETHRA B. LINDSAY,                    :
                                      :
            Plaintiff,                :        Civ. No. 16-7699 (NLH)
                                      :
      v.                              :        OPINION
                                      :
SALEM COUNTY CORR. FACILITY,          :
                                      :
            Defendant.                :
_____:

APPEARANCES:
Lethra B. Lindsay
2216 Baird Blvd.
Camden, NJ 08105
      Plaintiff Pro se


HILLMAN, District Judge

      Plaintiff Lethra B. Lindsay seeks to bring a civil rights

complaint pursuant to 42 U.S.C. § 1983 against the Salem County

Correctional Facility.  (ECF No. 1.)  Based on her affidavit of

indigence (ECF No. 1-1), the Court will grant her leave to

proceed in forma pauperis.  See 28 U.S.C. § 1915.  For the

reasons set forth below, the Court will dismiss the Complaint

without prejudice for failure to state a claim.  28 U.S.C. §

1915(e)(2)(B)(ii).

I. BACKGROUND

      Plaintiff brings this civil rights action, pursuant to 42

U.S.C. § 1983, against Defendant Salem County Correctional

Facility ("SCCF").  The following factual allegations are taken

from the Complaint, and are accepted for purposes of this

screening only.  The Court has made no findings as to the

veracity of Plaintiff's allegations.

From approximately November 6, 2015 through December 30,

2015, Plaintiff alleges that she was forced to sleep on the

floor of a cell in SCCF because she was housed with two other

women and there were only two available bunk beds.  (Compl. ¶

III(C), ECF No. 1.)  Plaintiff states that as a result of

sleeping on the floor, her back and legs "stiffened up."  (Id.)

She requested "Bengay" and Tylenol and it was provided by the

nurse.  (Id.)  Plaintiff is requesting $2,500 in damages.

(Compl. ¶ V.)

II.  DISCUSSION

A. Legal Standard

1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134,

§§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996)

("PLRA"), district courts must review complaints in those civil

actions in which a prisoner is proceeding in forma pauperis, see

28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental

employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim

with respect to prison conditions, see 42 U.S.C. § 1997e.  The

PLRA directs district courts to sua sponte dismiss any claim

that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as indigent.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive sua sponte screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012)

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

(quoting Iqbal, 556 U.S. at 678).  Moreover, while pro se

pleadings are liberally construed, "pro se litigants still must

allege sufficient facts in their complaints to support a claim."

Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)

(citation omitted).

2.  Section 1983 Actions

     A plaintiff may have a cause of action under 42 U.S.C. §

1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory
> ... subjects, or causes to be subjected, any citizen of
> the  United  States  or  other  person  within  the
> jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding
> for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  See West v. Atkins, 487 U.S. 42, 48

(1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

B. Analysis

     Plaintiff names Salem County Correctional Facility as the

only defendant in this matter.  However, a correctional facility

is not a "state actor" within the meaning of § 1983 and the

claims against it must be dismissed with prejudice.  *See*, *e.g.*,

*Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–

39 (D.N.J. 1989) (correctional facility is not a "person" under

§ 1983).  Because Plaintiff may be able to amend the complaint

to name state actors who were personally involved in the alleged

unconstitutional conditions of confinement, the Court will grant

Plaintiff leave to amend the Complaint within 30 days of the

date of this order.

Plaintiff is advised that any amended complaint must plead

sufficient facts to support a reasonable inference that a

constitutional violation has occurred in order to survive this

Court's review under § 1915.  According to the factual

allegations in the instant Complaint, Plaintiff is seeking

$2,500 in damages because she sleep on the floor of a double

cell with two other women for approximately two months.  Even

accepting the statements as true for screening purposes only,

there is not enough factual support for the Court to infer a

constitutional violation has occurred.

It is well established that housing multiple prisoners in a

single cell is not per se unconstitutional.  See, e.g., Nami v.

Fauver, 82 F.3d 63, 66 (3d Cir. 1996) (citing Rhodes v. Chapman,

452 U.S. 337, 347–49 (1981)); Carson v. Mulvihill, 488 F. App'x

554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not

5

constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.' " (quoting Bell v. Wolfish, 441 U.S. 520, 542 (1979))).  More is needed to demonstrate that such crowded conditions, for a pretrial detainee, violates due process rights.  See Hubbard v. Taylor, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.").

To that end, in the event Plaintiff files an amended complaint, she should include specific facts, such as whether she was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement.

III. CONCLUSION

For foregoing reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Because it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave

6

to move to re-open this case and to file an amended complaint.[2]

An appropriate Order follows.


                                        s/ Noel L. Hillman
                                    NOEL L. HILLMAN
                                    United States District Judge
Dated: October 25, 2016
At Camden, New Jersey

---

[2] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.